IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN PERRY | § | |
| v. | § | CIVIL ACTION NO. 6:22cv64 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Michael Dean Perry, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Perry was convicted by a jury of the offenses of assault - family violence with prior family violence and aggravated assault with a deadly weapon. He received sentences of 60 years in prison and a fine of $10,000 on each count on February 28, 2013. His conviction and sentences were affirmed by the Sixth Judicial District Court of Appeals on August 15, 2014, and the Court of Criminal Appeals refused Perry's petition for discretionary review on January 14, 2015.

Perry has previously sought federal habeas corpus review for these same convictions. *Perry v. Director, TDCJ-CID*, civil action no. 6:16cv1108 (E.D.Tex.). The district court determined that Perry failed to exhaust his state remedies and that his petition was barred by the statute of limitations, and that his underlying claims were not cognizable for federal habeas review. The petition was dismissed with prejudice on August 22, 2017, and Perry took a direct appeal. On October 22, 2018, the Fifth Circuit dismissed Perry's appeal by denying a certificate of appealability

and leave to proceed *in forma pauperis* on appeal. *Perry v. Davis*, slip op. no. 17-41010 (5th Cir., October 22, 2018). Perry also filed a motion to alter or amend the judgment, which was denied, and his appeal of this denial was likewise dismissed by the Fifth Circuit through the denial of a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *Perry v. Davis*, slip op. no. 18-41126, 2020 WL 6706836 (5th Cir., March 5, 2020, *cert. denied*). Perry's petition for the writ of certiorari from the denial of his motion to alter or amend the judgment was denied by the Supreme Court on November 16, 2020. *Perry v. Lumpkin*, 141 S.Ct. 857 (November 16, 2020), *reh. denied* 141 S.Ct. 1260 (January 19, 2021).

In his present petition, Perry argues that he received ineffective assistance of counsel in a number of particulars, the prosecutor committed misconduct, all of the evidence offered at trial was inadmissible and unlawfully seized, he is actually innocent, the evidence was legally insufficient, the trial court erred in permitting the State to use hearsay evidence under the "excited utterance" exception, the trial court refused to include his requested charge on lesser included offenses, he was subjected to double jeopardy, and the indictment was defective and erroneously amended. He contends that he re-filed his state habeas petition several times to no avail, and he has also sought mandamus relief from the Texas Court of Criminal Appeals.

**II. Discussion**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132) was signed into law. This act amends 28 U.S.C. §2244 to read, in part, as follows:

> **28 U.S.C. §2244(b)(3)**. Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Perry makes no showing that he has received permission from the Fifth Circuit to file a successive application for the writ of habeas corpus, and the on-line records of the Fifth Circuit do not show that he has sought or received such permission. Until Perry receives permission from the Fifth Circuit Court of Appeals to file a successive petition, the district court lacks jurisdiction to

consider his claims in a new habeas corpus petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Thus, Perry's petition should be dismissed until such time as leave to file a successive petition is granted by the Fifth Circuit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); *Buntion v. Lumpkin*, 982 F.3d 945, 948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. *Buntion*, 982 F.3d at 948, *citing United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020).

When a certificate of appealability is denied because of a procedural default in state court, the applicant must further demonstrate that reasonable jurists could disagree with the procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Perry has not shown, nor does the record indicate, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not obtained leave from the Fifth Circuit to file a successive petition. Consequently, he is not entitled to a certificate of appealability.

RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). Perry may not refile this petition without first obtaining such leave, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a second or successive petition or to pursue such a petition in the event that permission is granted. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Perry's right to seek permission from the Fifth Circuit to file a successive petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 7th day of March, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE