UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00064

**Michael Dean Perry,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

**ORDER**

Petitioner Michael Dean Perry, proceeding pro se, filed this petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed because petitioner had previously challenged his conviction in a federal habeas corpus proceeding and has not received permission from the Fifth Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. § 2244(b)(3).

Petitioner objected, stating that he filed a motion for leave to file a successive petition on April 21, 2022, but the Fifth Circuit has not yet ruled on it. This confirms the magistrate judge's conclusion that petitioner had not received permission at the time he filed the present petition, rendering the district court without jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (petitioner was required to receive authorization from the court of appeals before filing his second habeas petition, and because he did not do so, the district court lacked jurisdiction to entertain it).

Petitioner also asserts that he did not consent to allow the magistrate judge to conduct any proceedings in the case because he did not sign and return the consent form and in fact filed a motion to decline to proceed before the magistrate judge. Thus, he maintains that the report of the magistrate judge is null and void. Petitioner's objection in this regard is without merit because the

case was referred to the magistrate judge to conduct preliminary proceedings, including submission to the district judge of proposed findings of fact and recommendations for the disposition of applications for post-trial relief made by individuals convicted of criminal offenses, as provided in 28 U.S.C. § 636(b)(1)(B). Consent is not required for a referral to the magistrate judge under § 636(b)(1)(B). *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). The case was not referred to the magistrate judge for entry of final judgment, for which consent of the parties is required under 28 U.S.C. § 636(c). The exhibits attached to petitioner's objections do not appear to have any bearing on the fact that he filed his petition prior to receiving permission from the court of appeals to file a successive petition. Petitioner's objections are without merit.

Having reviewed the magistrate judge's report and the objections de novo, the court overrules petitioner's objections and accepts the report's findings and recommendations. The court orders that this petition for a writ of habeas corpus is dismissed with prejudice as to its refiling without permission from the Fifth Circuit Court of Appeals, but without prejudice as to its refiling once such permission has been obtained. A certificate of appealability is denied, with such denial referring solely to an appeal of this case and having no effect upon petitioner's right to seek permission from the court of appeals to file a successive petition.

*So ordered by the court on May 10, 2022.*

J. CAMPBELL BARKER
United States District Judge